**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAWRENCE COLON,** | : | |
| | | **CIVIL ACTION NO. 3:21-0027** |
| **Plaintiff** | : | |
| | | **(JUDGE MANNION)** |
| **v.** | : | |
| **LT. T. FRONTINO,** *et al.,* | : | |
| **Defendants** | : | |

**MEMORANDUM**

## I. Background

On January 7, 2021, Plaintiff, a former inmate housed in the Bureau of Prisons inmate[1], filed the above captioned Bivens[2] action pursuant to 28 U.S.C. §1331. (Doc. 1). He names the Federal Bureau of Prisons and Lt. Frontino as Defendants. Id.

His complaint states in toto:

Lt. T. Frontino called me down to his office to question me about an incident that happened in the unit I was residing in when. When I got to his office Lt. T. Frontino said the following, "If you get up from your seat, I will smash you head against the wall." I said if you say that again I will walk away. He said it again and I got up and walked out of the office. When I walked out Lt. T.

---

[1] Plaintiff was released from custody on July 25, 2014. See https://www.bop.gov/inmateloc/.

[2] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971)

      Frontino used an illegal choke hold on me and smashed my head
      against the wall 3 times.

Id. For relief, the Plaintiff requests the Court "grant the Plaintiff the sum of 10,800,000 for pain and suffering from the assault and battery from Lt. T. Frontino" as well as for Defendant Frontino to "pay all fees from the Court" and "for Lt. T. Frontino's termination." Id.

By Order dated February 23, 2021, Plaintiff was permitted to proceed *in forma pauperis* and was directed to effectuate service of the above captioned action on the named Defendants. (Doc. 5).

On April 16, 2021, Plaintiff contacted the Court, requesting "3 copies of the subpoena forms" needed to serve Defendants due to the Federal Bureau of Prisons not "wanting to give [Plaintiff] the whereabouts of Lt. T. Frontino." (Doc. 7).

Given that Colon complains about prison conditions, prior to issuing subpoenas, the Court shall conduct initial screening pursuant to the screening provisions of the Prison Litigation Reform Act (PLRA), 28 U.S.C. §1915(e) apply.

- 2 -

## II. <u>Legal Standard</u>

Pursuant to the screening provisions of 28 U.S.C. §1915(e)(2), the Court is required to screen *in forma pauperis* complaints prior to service and "shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious [or] (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). An action is "frivolous where it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional," Neitzke, 490 U.S. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

28 U.S.C. §1915's failure to state a claim standard mirrors Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. Rule 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which

contains a short and plain statement of the claim, showing that the pleader is entitled to relief. The complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for his claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without

factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a commonsense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. Lastly, a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### III. <u>Discussion</u>

In actions pursuant to <u>Bivens</u>, federal courts apply the state's statute of limitations for personal injury. <u>See</u> Wallace v. Kato, 549 U.S. 384, 387 (2007) (in section 1983 actions the court looks to the law of the state for the length of the statute of limitations for personal-injury actions).

In Pennsylvania, the relevant statute of limitations is two (2) years. Wooden v. Eisner, 143 Fed.Appx. 493, 494 (3d Cir. 2005); <u>see</u> <u>also</u> Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers, 855 F.2d 1080, 1087 (3d Cir. 1988) ("[T]he correct statute of limitations for ... [§]1983 actions is the state statute of limitations for personal injury tort actions."); 42 Pa. Cons. Stat. Ann. §5524.

However, the date when a cause of action accrues is still a question of federal law. Smith v. Wambaugh, 887 F.Supp. 752, 755 (M.D. Pa. 1995). Under federal law, a civil rights cause of action accrues—and the statute of limitations begins to run—when the plaintiff "knew or should have known of the injury upon which [the] action is based." Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). In other words, the limitations period begins to run when a plaintiff has sufficient notice to place him on alert of the need to begin investigating. Gordon v. Lowell, 95

F.Supp.2d 264, 272 (E.D. Pa. 2000). Importantly, the "claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Id.

Moreover, while the statute of limitations constitutes an affirmative defense, the United States Court of Appeals for the Third Circuit permits this defense to be raised under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Chester v. Beard, 657 F. Supp. 2d 534, 540 (M.D. Pa. Sept. 28, 2009); see Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (providing that to dismiss under Rule 12(b)(6), the bar must be apparent on the face of the complaint); Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (same). Additionally, a United States District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint. Kontaxes v. Wagner, Civ. No. 12-1165, 2012 WL 6764500, at *3 (W.D. Pa. Nov. 23, 2012).

Here, it is more than evident that all of Colon's claims against all named Defendants are severely time-barred by the applicable two-year statute of

limitations. The Court takes judicial notice of the fact that Plaintiff was released from the custody of the Bureau of Prisons on July 25, 2014.[3]

While Plaintiff's complaint offers no date for the incident complained of, the Court finds that, under the applicable statute of limitations, the latest date of accrual would have to be July 25, 2014, the date of Plaintiff's release. However, the instant complaint was not filed until January 7, 2021, almost five years after the latest possible accrual date. Therefore, even affording Colon the most liberal timing and construction of when the statute of limitations began to run, i.e., July 25, 2014, the date he was released, the statute of limitations bars his claims by almost five years.

Accordingly, Colon's claims will be dismissed as barred by the applicable two-year statute of limitations. As no amendment would remedy the inadequacies of the complaint, leave to amend should not be given and dismissal should be with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (If a complaint is vulnerable to dismissal for

---

[3] The Court may take judicial notice of this information, as it is publicly available on a governmental website. See Vanderklok v. United States, 868 F.3d 189, 205 (3d Cir. 2017).

- 8 -

failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile.)

## IV. Conclusion

For the foregoing reasons, the Court will dismiss with prejudice Plaintiff's complaint as untimely under Pennsylvania law. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 27, 2021**
21-0027-01

- 9 -